IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:18-CV-497-WKW |
| | ) | [WO] |
| MICHAEL PARRISH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. INTRODUCTION

Michael Dunn, an inmate incarcerated at the Chambers County Detention Facility, brings this 42 U.S.C. § 1983 action against Michael Parris and the Chambers County Detention Facility. Dunn challenges the conditions of his confinement at the detention center. Upon review, the court concludes that Dunn's claims against the Chambers County Detention Facility are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

Dunn names the Chambers County Detention Facility as a defendant. But a county sheriff's department "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). It therefore follows that a building or structure utilized by a sheriff's department is not a legal entity subject to suit.

---

[1] The court granted Dunn leave to proceed *in forma pauperis* in this case. Doc. 3. This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a claim or defendant if it determines that the complaint presents a claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

In light of the foregoing, the Chambers County Detention Facility is not a legal entity subject to suit and is therefore due to be dismissed as a defendant under 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Chambers County Detention Facility be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Chambers County Detention Facility be DISMISSED as a defendant.

3. This case with respect to Plaintiff's claims against Defendant Parrish be referred to the undersigned for further proceedings.

It is further ORDERED that on or before **June 19, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on the 5th day of June, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE