IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:18-CV-497-WKW |
| ) | [WO] |
| MICHAEL PARRISH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on May 15, 2018. When he filed this complaint, Plaintiff was incarcerated at the Chambers County Jail in LaFayette, Alabama. On June 11, 2018, the envelope containing Plaintiff's copy of a Recommendation filed June 5, 2018, was returned to the court marked as undeliverable because Plaintiff is no longer at the service address he provided when he filed the complaint.

As a result, an order was entered on June 11, 2018 requiring that by June 22, 2018, Plaintiff file with the court a current address and show cause why this case should not be dismissed for his failure to prosecute this action. Doc. 7. This order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Doc. 7. The court has received no response from Plaintiff to the aforementioned order nor has he provided the court with his current address.

The foregoing reflects Plaintiff's lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The court, therefore,

concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.

It is further ORDERED that **on or before July 25, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff party object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 11th day of July, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE